**Chicago Park District, a Municipal Corporation, Plaintiff-Appellee, v. David B. Altman, Defendant-Appellant.**

**Gen. No. 53,745.**

First District, Fourth Division.

July 31, 1970.

Rehearing denied September 2, 1970.

Sidney S. Altman, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago, and Neil F. Hartigan, General Attorney, Chicago Park District, of Chicago (Marvin E. Aspen, Head of Appeals and Review Division, Assistant Corporation Counsel, and Arthur N. Hamilton, Assistant General Attorney of Chicago Park District, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

After a bench trial, defendant was found guilty and fined $10 for violating section 27 of chapter 17 of the Code of the Chicago Park District, a curfew ordinance. The complaint, filed by Detective Thomas Fuller of the Chicago Police Department, stated that the violation occurred when defendant remained in Lincoln Park on or about August 27, 1968, between the prohibited hours of 11:00 p. m. and 4:00 a. m., namely, at 3:30 a. m.

Detective Fuller testified that on August 26, 1968, at 3:30 a. m., he observed defendant walking north through the south ball field in Lincoln Park. He stopped defend-

ant and informed him that no one was permitted in the park after 11:00 p. m. Three times he requested that defendant leave the park, and each time defendant refused.

Defendant was presented with an opportunity to cross-examine the officer and speak in his own behalf. He testified that he "didn't know the park had been closed"; that when he was stopped and told to move on, he asked "what was wrong"; that the police were yelling at him and again said "move on"; that he started to move when "someone else" said something and he kept asking what was wrong.

Defendant initially contends that the ordinance under which he was convicted constitutes an invalid exercise of police power. He argues that parks are dedicated to the use of the public and that individuals cannot legally be denied access to them. However, authority to establish rules and regulations for public parks existed in a board of commissioners as early as 1869. 1 Priv L Ill 360 (1869). There was also a statute referring specifically to Lincoln Park which authorized the passage of "such ordinances as [the board of commissioners] may deem necessary for the regulation, use and government of the park." 1 Priv L Ill 375 (1869). At present, the Chicago Park District is "vested with all powers heretofore vested in park districts . . . whose authority is abrogated" by the current statute. Ill Rev Stats 1967, c 105, § 333.7. This statute also provides that the commissioners of the Chicago Park District may establish "all needful rules and regulations for the government and protection of parks . . . and provide penalties not exceeding $200.00 . . . ." Ill Rev Stats 1967, c 105, § 333.7-02.

The instant ordinance was enacted in conformance with the statutory authority, and provides:

> No person shall be or remain in any part of any park which is fenced in or provided with gates, between the closing of the gates at night and their reopening on the following day; nor shall any person be or remain in any park not fenced in or provided with gates, between the hours of 11 o'clock p. m. and 4 o'clock a. m. on the following day, except that persons and vehicles may pass through such parks without stopping, on the most direct walk or driveway leading from their point of entrance to the exit nearest to their point of destination.

Chicago Park District Code, § 17–27.

██ ██ We believe that the regulation limiting use of the parks between 11:00 p. m. and 4:00 a. m. is a reasonable exercise of the Park District's powers. In reaching this decision, we adhere to the statement that courts are "reluctant to declare regulations, as contained in ordinances of municipal corporations, invalid because of their claimed unreasonableness." Smutny v. Irving Park Dist., 269 Ill App 544, 552. Further, we recognize that there is a presumption in favor of the validity of an existing ordinance. Troy v. Village of Forest Park, 318 Ill 340, 343, 149 NE 281.

██ Defendant has been unsuccessful in his attempt to demonstrate that this closure is merely "technical" or that it arbitrarily deprives him of his right to use the park. Here, the interests of safety and public welfare are sufficient objectives to warrant closing public parks during the five-hour nighttime period. We believe that the deprivation of defendant's uncontrolled liberty, by limiting his absolute use of the park, is minimal compared to the desirable public safety and welfare objectives served by this ordinance.

██ Defendant also contends that a favorable portion of the ordinance was "suppressed" at trial. He

refers to the fact that the ordinance does permit limited use of the park during the curfew hours through a provision whereby an individual may pass through the park using the most direct "walk or driveway leading from their point of entrance to the exit nearest to their point of destination." The evidence establishes that this exception was inapplicable, as defendant was not proceeding "on the most direct walk or driveway" from his point of entry to his destination, but was arrested on the ball field in south Lincoln Park. The burden rested upon defendant to establish that he came within the exception, and this he failed to do. City of Chicago v. Westphalen, 95 Ill App2d 331, 337–338, 238 NE2d 225. It also appears from the record that there was no "suppression" of this provision of the ordinance since none of the ordinance was read in court and need not have been. Nor was there any need for the ordinance to have been quoted in its entirety in the complaint. Furthermore, this defense was not raised in defendant's post-trial motion and is therefore waived. People v. Irwin, 32 Ill2d 441, 443–445, 207 NE2d 76; People v. Nelson, 41 Ill2d 364, 365–366, 243 NE2d 225.

On oral argument, defendant relied largely on the case of Hague v. Committee for Industrial Organization, 307 US 496. We do not consider that decision pertinent here, as it was concerned with the rights of free speech and assembly which are not involved in the instant case.

█ Finally, defendant contends that he was convicted of violating an ordinance of the City of Chicago while charged with violation of the Park District Code, and that the variance requires reversal. We believe that defendant has misconstrued the effect of the trial court's order. At the conclusion of the trial, the court orally stated: "On the Park District Ordinance violation there will be a finding of guilty." As reflected in the common-law record, it appears that defendant was found guilty

of "a violation of the ordinance described in the complaint." The complaint explicitly mentioned the pertinent section of the Park District Code. While the record order does refer later to "violation of City ordinance described in the complaint," we find this minor typographical discrepancy to be harmless error. In addition, defendant did not raise this issue in his written post-trial motion before the trial court, and we need not consider it in this appeal as it is deemed waived. People v. Irwin, supra; People v. Nelson, supra.

Accordingly, the judgment is affirmed.

Affirmed.

STAMOS, P. J. and DRUCKER, J., concur.