THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* MID-CITY LAUNDRY COMPANY *et al.*, Defendants—(SAUL PLAST, Intervening Petitioner-Appellee.)

(Nos. 54903, 55015 cons.;

First District—October 19, 1972.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Howard C. Goldman, Assistant Corporation Counsel, of counsel,) for appellant.

Harry G. Fins, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The City of Chicago instituted proceedings to demolish a building allegedly owned by Mid-City Laundry Company and David Weber. An attempt to obtain personal service was unsuccessful; thereafter, service was had by publication making unknown owners or others having an interest in the premises defendants in the action. An appearance was filed by "Mid-City Laundry Company, *et al.*" The trial court found the building to be in an unsafe condition and entered a decree which authorized its destruction and which ordered Mid-City and Weber to remove all personal property from the premises. Subsequent developments in the litigation, and this appeal, center around this personal property.

The defendants appealed from the decree but their appeal was dismissed for want of prosecution. Eleven months after the decree, Mid-City and Weber filed a petition which alleged that $25,000 of personal

property had been wrongfully removed from the building by the companies engaged in its demolition: Van Wrecking Co. and Shipley Construction Co. Two months later the appellee, Saul Plast, was allowed to file an intervening petition. He alleged that he had no knowledge of the pendency of the suit or the demolition decree and charged that he had property with a total value of $26,000 stored in the building which was missing after Van Wrecking and Shipley took possession. He asked for the return of his property or a judgment for its fair market value against Van Wrecking, Shipley and the City of Chicago.

Motions filed by the City and Van Wrecking to dismiss the intervening petition were denied. Van Wrecking filed two counter-claims, one against Weber and one against Plast. The one against Weber alleged that he had been ordered by the demolition decree to remove all personal property from the building and that he had, in his own post-trial petition, represented himself to be the owner of the property now claimed by Plast. The one against Plast charged that he had maliciously filed a false petition. Upon Plast's motion the court dismissed the counter-claims. Van Wrecking also filed an answer to Plast's petition and a cross-complaint against the City. The answer stated that Plast knew of the demolition suit and that Weber was his agent; it denied that Plast had property on the premises or that it had the value he placed on it. The cross-complaint stated that all the actions of Van Wrecking were performed pursuant to an agreement with the City and prayed for a judgment against the City for any amount Van Wrecking might be required to pay Plast or Weber.

After the filing of various motions, answers and replies, the case proceeded to trial. The court found the issues in favor of Plast and entered a $26,073 judgment against the City, Van Wrecking and Shipley.

Only the City perfected an appeal and Plast argues that it should be dismissed because of procedural deficiencies. We have considered the points urged by him but find them insufficient to defeat the appeal.

The City raises four assignments of error: the trial court erred in permitting Plast to intervene; he was bound by the demolition decree; the evidence did not support either his allegation of having personal property on the premises or the value he placed on the property, and, in any event, if property owned by Plast was removed from the demolished building the City cannot be held accountable because it acted pursuant to a valid court order to enforce a municipal ordinance.

The last of these contentions applies to the City alone; because it is dispositive of the appeal it is the only one that will be considered. Plast's brief does not respond to the argument that there is no basis for liability against the City. It merely asserts that the contention cannot be con-

sidered by this court because it was not raised in the City's post-trial motion.

■■ This case was tried by the court without a jury. In a non-jury civil case the failure to include a point in a post-trial motion does not preclude its being raised on appeal. Section 68.3(1) of the Civil Practice Act states that in all cases tried without a jury, motions filed to vacate the decree or judgment do not limit the scope of review. (Ill. Rev. Stat. 1969, ch. 110, para. 68.3(1).) All but one of the authorities cited by Plast as dictating a result contrary to the unequivocal statutory standard are either criminal cases or civil cases tried before a jury, and thus not within the purview of the statute. The single exception is *Chicago Park District v. Altman* (1970), 127 Ill.App.2d 467, 262 N.E.2d 373, a quasi-criminal proceeding in which the defendant was convicted of violating a Chicago Park District curfew ordinance. Although the reviewing court refused to consider two of the defendant's contentions because they were not raised in his written post-trial motion, no reference was made in the opinion of the statute governing civil, non-jury cases, and the only authorities cited to sustain the court's position were criminal cases.

■■ The contention of the City that it is immune from liability because it acted in furtherance of the court's decree will be sustained. In the decree of demolition, the court ordered the defendants (David Weber and Mid-City Laundry) to "remove all personal property instanter from said premises, so that said premises will be completely vacant and free of personal property before demolition is commenced." Total responsibility for the removal of personal property was thus imposed upon Weber and Mid-City Laundry. The City thereafter awarded the demolition contract to Van Wrecking Company to carry out the command of the court to demolish the building which had been described in the City's complaint as imminently dangerous and unsafe. Shipley Construction Company aided Van Wrecking in the demolition.

Plast's petition to intervene did not allege that the City had an obligation to notify him of the demolition proceedings or to protect the personal property he allegedly had in the building. If any duty was violated regarding Plast's property, the responsibility rests either upon David Weber and Mid-City Laundry Co. or on Van Wrecking Co., and Shipley Construction Co., not upon the City of Chicago.

The judgment against the City of Chicago is reversed. The judgment against Van Wrecking and Shipley, from which there is no appeal, is affirmed.

Reversed in part and affirmed in part.

McGLOON, P. J., and McNAMARA, J., concur.