NOTICE

Decision filed 06/16/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250229-U

NO. 5-25-0229

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| DANA WATSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 22-LA-683 |
| | ) | |
| KELLY SULLIVAN and ANGEL VON BOKEL, | ) | Honorable |
| | ) | Kevin T. Hoerner, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE CLARKE delivered the judgment of the court.
Justices Vaughan and Hackett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in granting the defendants' motion for judgment on the pleadings and dismissing the plaintiff's third amended complaint with prejudice on multiple grounds. Therefore, the judgment of the circuit court is affirmed.

¶ 2    The plaintiff, Dana Watson, appeals from the St. Clair County circuit court's order granting the defendants' motion for judgment on the pleadings and dismissing her legal malpractice complaint. For the reasons explained below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The plaintiff filed her original *pro se* complaint in this matter on August 10, 2022, alleging, *inter alia*, legal malpractice against her former attorneys, Kelly Sullivan and Angel Von Bokel (the defendants). The defendants moved to dismiss the plaintiff's complaint, and the circuit court granted the plaintiff leave to amend. The defendants renewed their motion to dismiss her amended

1

complaint, which the circuit court granted without prejudice on the ground that it failed to state a claim. The plaintiff filed a second amended complaint, and the defendants filed a motion for judgment on the pleadings. In response, the plaintiff sought leave to amend her complaint again, which the circuit court granted over the defendants' objection.

¶ 5 On October 9, 2024, the plaintiff filed her third amended complaint. Her first count was for legal malpractice against both defendants. She alleged that she hired the defendants to file a civil rights lawsuit on her behalf on or about January 24, 2014, in connection with a search warrant executed at her home that same day. The plaintiff claimed that the warrant was illegal and that excessive force was used in its execution; she further sought to recover her seized property, namely a sum of money and a handgun. The search warrant was related to a criminal case against her husband.

¶ 6 In her third amended complaint, the plaintiff alleged that the defendants committed legal malpractice by failing to file the civil rights suit within the statute of limitations, and more broadly by mishandling the case. The plaintiff admitted in her pleadings that she was aware of the two-year statute of limitations and six-year statute of repose for bringing a legal malpractice claim. However, she claimed that, pursuant to the discovery rule, she was not aware of the defendants' alleged malpractice until November 3, 2021, the date that she terminated the defendants' representation of her. The plaintiff also pled counts of vicarious liability, personal injury, intentional infliction of emotional distress, professional misconduct, and conflict of interest.

¶ 7 The defendants filed a motion for judgment on the pleadings pursuant to section 2-615(e) of the Code of Civil Procedure (735 ILCS 5/2-615(e) (West 2022)) on November 8, 2024. The defendants first argued that the plaintiff's personal injury, emotional distress, professional

misconduct, and conflict of interest claims should be dismissed as duplicative of her legal malpractice claim because they arose from the same operative facts.

¶ 8    The defendants next argued that the legal malpractice claim should be dismissed because it was untimely under the statutes of limitations and repose. 735 ILCS 5/13-214.3 (West 2020). The defendants contended that the statute of limitations for bringing a civil rights claim pursuant to 42 U.S.C. § 1983 was two years, and thus the plaintiff had until January 25, 2016, to file suit. From that date, she had two years in which to file her legal malpractice suit—January 25, 2018, at the latest. The plaintiff filed her original complaint on August 10, 2022, over four years after the expiry of the limitations period.

¶ 9    The defendants further argued that the plaintiff filed her complaint after the statutory repose period for legal malpractice claims, which provides that such claims may not be brought "more than 6 years after the date on which the act or omission occurred." 735 ILCS 5/13-214.3 (West 2020). As the alleged act or omission was the defendants' failure to file her civil rights suit, the repose period expired on January 25, 2022, several months before she filed her complaint in the present matter. The defendants also contended that the plaintiff, by her own admission, knew by 2018 at the latest that her civil rights lawsuit had not been filed, as evidenced by statements she made in prior pleadings. In her response to the defendants' motion to dismiss her first amended complaint, the plaintiff wrote, "For four years I begged to go to trial."

¶ 10    Lastly, the defendants argued that, even if her claims were not time-barred, the plaintiff's counts of legal malpractice and conflict of interest should be dismissed because she could not establish proximate cause in the underlying civil rights case, because (1) the plaintiff admitted in her third amended complaint that the defendants won the forfeiture action on her behalf, after which the plaintiff told the defendants not to take further action and then terminated their services

3

before additional steps could be taken to collect the full amount of the seized money; and (2) the plaintiff could not prove that she would have prevailed on a forfeiture action to obtain her handgun. Regarding the latter point, the defendants noted that the plaintiff acknowledged in her pleadings that the weapon was never subject to forfeiture, as the court was holding it as evidence in her husband's criminal case and it would only be released 10 years after the conclusion of that case. The defendants further argued that there was no cognizable claim that the plaintiff could make that the search warrant was unlawful.

¶ 11    The plaintiff filed her own motion for judgment on the pleadings, as well as a response to the defendants' motion. In her response, the plaintiff argued that she sufficiently pled facts establishing that the defendants owed her a duty, and that they breached this duty by, *inter alia*, failing to file her civil rights action within the statutory limitations period, misleading her about filing her lawsuit when she repeatedly asked about it, representing her while having a conflict of interest, and generally mismanaging her case. She acknowledged that plaintiffs generally cannot recover damages for intentional infliction of emotional distress relating to a legal malpractice claim because the factual basis for both claims is the same, but she argued that she could prove emotional harm, and that there was an exception when the alleged malpractice "resulted in economic damages." She further argued that legal malpractice and professional misconduct were two distinct claims because they carried different degrees of culpability.

¶ 12    Regarding the defendants' proximate cause arguments, the plaintiff contended that she sufficiently pled and provided supporting documentation for her claim that the defendants committed malpractice, and further argued that had she received proper legal representation, "at a minimum the [plaintiff's] property would've been returned." Addressing the defendants' comment that she admitted to "begg[ing] to go to trial" for four years, and thus knew by 2018 that no lawsuit

4

had been filed, the plaintiff stated that there *was* a trial, which she won. After that, she was waiting for her money to be returned, as per the defendants' assurances and instruction.

¶ 13    The plaintiff again acknowledged the applicable statutes of limitations for her civil rights action and the present malpractice suit, but restated that the discovery rule tolled the limitations period because she did not discover the alleged malpractice until November 3, 2021, when she learned that the defendants "failed to follow directions or properly handle her claim with care." Therefore, because she filed within two years of November 2021, she argued that her suit was not time-barred.

¶ 14    The circuit court held a hearing on the defendants' and plaintiff's respective motions for judgment on the pleadings on January 22, 2025. After hearing arguments, the court took the matter under advisement. On March 13, 2025, the court issued its written judgment and order granting the defendants' motion and dismissing the plaintiff's complaint. In its order, the court wrote that the plaintiff's legal malpractice complaint and related vicarious liability claim were barred by the statute of repose, as she filed suit more than half a year after the January 25, 2022, deadline. The court further dismissed these two claims because the plaintiff, as a matter of law, could not demonstrate proximate cause. Lastly, the court dismissed the plaintiff's remaining claims as duplicative of her legal malpractice claim, and additionally dismissed her conflict of interest claim on the grounds that (1) no conflict of interest existed and (2) Illinois law does not recognize an independent tort based on an attorney's alleged breach of the rules of ethics. This appeal followed.

¶ 15                                II. ANALYSIS

¶ 16    A motion for judgment on the pleadings pursuant to section 2-615(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615(e) (West 2022)) is limited to the pleadings, and is properly granted "if the pleadings disclose no genuine issue of material fact and that the movant is entitled

5

to judgment as a matter of law." *Pekin Insurance Co. v. Wilson*, 237 Ill. 2d 446, 455 (2010). When ruling on such a motion, the court may only consider those facts apparent from the face of the pleadings, matters subject to judicial notice, and judicial admissions in the record. *Illinois Tool Works, Inc. v. Commerce & Industry Insurance Co.*, 2011 IL App (1st) 093084, ¶ 16.

¶ 17 Furthermore, our supreme court has explained that the circuit court "must consider as admitted all well-pleaded facts set forth in the pleadings of the nonmoving party, and the fair inferences drawn therefrom." *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 138 (1999). However, the court disregards "any conclusory allegations and surplusage." *Illinois Tool*, 2011 IL App (1st) 093084, ¶ 16. A grant of judgment on the pleadings is reviewed *de novo*. *Pekin Insurance*, 237 Ill. 2d at 455.

¶ 18 Section 13-214.3 of the Code provides a two-year statute of limitations for claims brought against attorneys in the performance of their professional services, subject to tolling by the discovery rule. 735 ILCS 5/13-214.3(b) (West 2020) (A legal malpractice action "must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought."). Additionally, the statute of repose provides that such action "may not be commenced in any event more than 6 years after the date on which the act or omission occurred." *Id.* § 13-214.3(c). Unlike the statute of limitations, the statute of repose is not tolled by the discovery rule, and it therefore extinguishes a potential claim regardless of the would-be plaintiff's lack of knowledge. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 61 (2006); *Dalessandro v. Quinn-Dalessandro*, 2023 IL App (1st) 211119, ¶ 68.

¶ 19 On appeal, the plaintiff argues that the circuit court erred by dismissing the case on the pleadings where "several major genuine disputes of material facts" existed. These alleged disputed facts primarily pertain to when her cause of action accrued and whether the discovery rule renders

6

her malpractice complaint timely. She maintains that she learned of the alleged malpractice on November 3, 2021, and thus timely filed her complaint within two years of that date. She further argues that the circuit court erred by dismissing her complaint where the defendants failed to take reasonable steps to retrieve her property. In support, she cites several cases[1] for the general proposition that a court should not grant judgment on the pleadings unless there are no genuine issues of material fact, as well as to section 13-214.3 of the Code for the statutes of limitations and repose and the discovery rule.

¶ 20    As an initial note, the plaintiff's argument on appeal concerns the dismissal of her legal malpractice claim, and does not specifically challenge the circuit court's dismissal of her remaining five causes of action. As she neither alleges that the court erred in finding the claims duplicative of the legal malpractice count, nor addresses the court's additional basis for dismissing her conflict of interest claim, we limit our discussion to the plaintiff's dismissed legal malpractice claim. See *Wanandi v. Black*, 2014 IL App (2d) 130948, ¶ 24; see also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 21    Furthermore, the plaintiff does not provide support for her statement that there existed a genuine issue of material fact regarding when she learned of the defendants' alleged malpractice. The only explanation she gives for the alleged factual dispute is that we may find it generally in the entire transcript of the January 22, 2025, hearing. While the parties disagreed on various points during the hearing, the plaintiff identifies neither the specific disputes that allegedly precluded dismissal, nor how any disputed facts were material. And despite her many attempts to cite relevant case law, she does not apply any legal authority to the facts of this case. This court " 'is not a

---

[1]These citations include seemingly miscited cases and nonprecedential unpublished cases.

depository in which the appellant may dump the burden of argument and research.' " *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23 (quoting *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986)).

¶ 22 Reviewing the pleadings, it is clear that the plaintiff, in every iteration of her complaint, has consistently stated that the alleged underlying civil rights violation occurred on January 24, 2014. The statute of limitations for filing a claim pursuant to 42 U.S.C. § 1983 is two years. *Peal v. Lee*, 403 Ill. App. 3d 197, 209 (2010). The plaintiff pleads that the defendants committed legal malpractice by failing to file her complaint and allowing the statute of limitations to expire. Thus, her cause of action would have accrued on the first day on which her section 1983 claims were no longer timely—January 25, 2016.

¶ 23 Pursuant to the statute of repose, the final possible filing date was six years after "the date on which the act or omission occurred." 735 ILCS 5/13-214.3(c) (West 2020). Based on the plaintiff's allegations that the defendants committed legal malpractice by failing to file her complaint within the statutory limitations period, the relevant date is January 25, 2016. This puts her final filing date at January 25, 2022. Therefore, even if the plaintiff could successfully plead that the discovery rule tolled the statute of limitations, her August 10, 2022, complaint remains untimely.

¶ 24 While this alone is sufficient to support the circuit court's dismissal order, we further note that the plaintiff has not presented any basis for her position that she only discovered her cause of action on November 3, 2021. The record shows that the plaintiff admitted in her pleadings that she knew no lawsuit had been filed at any point in the four years following the execution of the search

warrant.[2] Even if she only "begged to go to trial" at the conclusion of the "four years," the latest date that the plaintiff indicated her knowledge of the fact that no suit had been filed would have been January 25, 2018. Thus, even if her cause of action was not barred by the statute of repose, and even if the discovery rule tolled the statute of limitations until January 25, 2018, the plaintiff did not file suit within two years of that date.

¶ 25    In summary, the plaintiff has not established the existence of any genuine issues of material fact, and her legal malpractice claim was barred by the statutes of limitations and repose. Therefore, we need not address the further argument of proximate cause, and may affirm the circuit court's dismissal of her complaint on the aforementioned grounds.

¶ 26                                    III. CONCLUSION

¶ 27    For the reasons stated, the circuit court did not err in granting the defendants' motion for judgment on the pleadings and dismissing the plaintiff's complaint. The judgment of the circuit court is affirmed.

¶ 28    Affirmed.

---

[2]The defendants also note that the plaintiff references an April 25, 2017, date in her third amended complaint. She alleges that she was told she must wait for the conclusion of her husband's criminal trial before she could file her civil rights claim. In support of this allegation, the plaintiff attached to her complaint a handwritten client file note dated April 25, 2017. Whether we use this date, or the 2018 date, our conclusion remains the same.