2021 IL App (2d) 200479-U
No. 2-20-0479
Order filed April 1, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF NICHOLAS P. FITZ, | ) ) ) | Appeal from the Circuit Court Kane County. |
| Petitioner, | ) ) | |
| and | ) ) | No. 18-D-1501 |
| MARIA M. FITZ, | ) ) | |
| Respondent and Third-Party Respondent-Appellant | ) ) ) | |
| | ) | Honorable |
| (Peskind Law Firm, Third-Party Petitioner-Appellee). | ) ) | Rene Cruz, Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hutchinson and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*:    In divorce litigant's appeal of a fee award to her former law firm for work on her case, all arguments except one were forfeited or rejected for lack of a complete record. The remaining argument—that the fee award was unreasonable—was rejected because, given the applicable factors, the award was not an abuse of discretion.

¶ 2    Maria M. Fitz appeals the trial court's order awarding fees to her former attorneys, Peskind

Law Firm (Peskind). She contends that it was improper for Steven Peskind (Steven) to represent

his law firm at the fee hearing, that the court erred in overruling various objections and allowing hearsay evidence, and that the fee award was improper. We affirm.

¶ 3                                                I. BACKGROUND

¶ 4      In 2019, Maria retained Steven and Peskind to represent her in dissolution-of-marriage proceedings. She later terminated the relationship, and Peskind withdrew as counsel. Peskind then filed a petition for fees under section 508(c) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/508(c) (West 2018)). Steven included an unsworn affidavit averring that he could competently testify to the facts alleged in the petition. Maria responded, objecting to the amount of fees that Peskind sought. The response did not include an objection to Steven representing the firm in seeking fees.

¶ 5      On July 30, 2020, a hearing was held. There is no transcript of the hearing, but a bystander report was filed. Maria did not appear but was represented by counsel. Steven provided a copy of the fee agreement and business records of the amounts billed. He testified about the fees incurred in the case, his experience as a family-law attorney, and the hourly rates at his law firm. Steven also testified about the complexity of the case, stating over objection that it was challenging, in part because of Nicholas Fitz's attitude. He also provided testimony over objection about Nicholas' finances. The billing records reflect that the case involved multiple motions, issues involving discovery, and issues concerning a child or children. The records also mention issues concerning real estate, bankruptcy, and a tax sale.

¶ 6      Steven testified that several attorneys and paralegals worked on the case and would prepare for court. They would divide tasks to work on different areas of the same problem and bill for those. He said that double-billing never occurred. He testified about the work done, time spent, and money billed by each person. Maria's counsel objected based on hearsay and foundation.

Those objections were overruled. Maria's counsel also recalled objecting that Steven's affidavit lacked required statutory language. However, the trial court had no independent recollection of such an objection or its ruling on it. During cross-examination, Steven denied that he billed for travel time. When questioned about specific items, he said that he sometimes was required to be in court for an hour or longer, which justified the fees charged. The bystander report makes no mention of any objection to Steven representing the law firm. The trial court granted the petition for fees, and Maria appeals.

¶ 7                                      II. ANALYSIS

¶ 8     Maria first contends that it was improper for Steven to represent the firm on the fee petition, because a corporation is not allowed to appear *pro se*. See *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, ¶ 17. However, the record does not reflect that Maria raised the issue in the trial court. The failure to raise an issue in the trial court results in forfeiture of that issue on appeal. *People v. Enoch*, 122 Ill. 2d 176, 185-86 (1988); *Huang v. Brenson*, 2014 IL App (1st) 123231, ¶ 22. Accordingly, this issue has been forfeited.

¶ 9     Maria next contends, without citation to authority, that the trial court erred in overruling objections concerning topics focusing on Nicholas. Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) provides that an appellate brief must include a section of "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." " 'A failure to cite relevant authority violates Rule 341 and can cause a party to forfeit consideration of the issue.' " *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 19 (quoting *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23). "[T]his court will not research the issues on the appellant's behalf." *Id.* Thus, we do not address Maria's unsupported contentions.

¶ 10    Likewise, Maria contends that Steven's affidavit lacked the certification language required by section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2018)).  But the bystander report shows that the trial court did not have a recollection of an objection to the affidavit or its disposition of the issue.  An appellant bears the burden of presenting a sufficiently complete record to support his or her contentions of error, and any doubts arising from the absence of a complete record will be resolved against the appellant.  *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).  In any event, Maria also does not provide authority to show that section 508 of the Act requires a verified petition utilizing section 1-109 or explain how any deficiency in the affidavit would invalidate the overall fee award when an evidentiary hearing was held.  Accordingly, we do not address this issue, as it is forfeited.

¶ 11    Maria also contends that the trial court erred in allowing Steven to testify about the work done by other attorneys and paralegals.  Maria argues that such evidence was hearsay.  However, as with the previous issues, Maria does not provide citations to legal authority supporting her argument. In particular, she does not explain how testimony about the work done by others, which was also reflected in Peskind's business records and did not include out-of-court statements made by those people, was hearsay.  See *Lundberg v. Church Farm, Inc.*, 151 Ill. App. 3d 452, 458 (1986) (hearsay evidence is testimony in court regarding a statement made out of court offered for the truth of the matter asserted.)

¶ 12    Finally, Maria contends that the fee award was unreasonable.  She argues that the time spent on the case was unreasonable, that the fees presented lacked specificity, that there was double billing, and that travel time was improperly included.

¶ 13    We note that section 508(c)(3) of the Act provides that the determination of reasonable attorney fees is within the trial court's sound discretion. 750 ILCS 5/508(c)(3) (West 2018).  A

trial court's order regarding attorney fees in a postdissolution proceeding will thus not be disturbed absent an abuse of discretion. *In re Marriage of Devick*, 335 Ill. App. 3d 734, 742 (2002).

¶ 14    "An appropriate attorney fee consists of reasonable charges for reasonable services." *In re Marriage of Patel & Sines-Patel*, 2013 IL App (1st) 112571, ¶ 103.  To determine whether fees are reasonable, the trial court considers: (1) the number of hours the attorney spent on the case; (2) the skill and standing of the attorneys; (3) the difficulty of the issues; (4) the amount and importance of the subject matter; (5) the degree of responsibility involved in managing the case; (6) the usual and customary charge in the community; and (7) the benefits to the client.  *Id.* "The fees allowed should compensate for the services rendered and be fair to both the attorney seeking them and the party required to pay them." *Id.*

¶ 15    Here, Steven presented the fee agreement and detailed billing records.  He also testified about the costs of representation incurred by both himself and his staff.  Steven also testified that it was a complex case.  The billing records reflect that the case involved multiple motions, issues involving discovery, and issues concerning a child or children.  The records also mention issues concerning real estate, bankruptcy, and a tax sale.  Meanwhile, Maria offered no significant counter-evidence.

¶ 16    Maria contends that the court improperly allowed fees for travel time.  She states that travel time can never be billed as fees.  However, it is excessive, unnecessary, or unreasonable travel time that cannot be billed.  See *Losurdo Brothers v. Arkin Distributing Co.*, 125 Ill. App. 3d 267, 275 (1984) (the legal issues "were not complex requiring an attorney with specialized skills to be employed outside the general area of where the lawsuit was filed"; therefore, travel time was appropriately limited to that generally incurred by attorneys in the area of the court proceeding). In any event, the records that Maria points to do not state that travel time was billed. The billing

was instead for preparing for and attending court. Steven explained that he was sometimes required to appear in court for an hour or longer.

¶ 17    Maria also points to various records to contend that there was double billing. For example, she notes entries with multiple people charging time to prepare for court or to prepare documents. But Steven testified that there was no double billing and explained that multiple attorneys and paralegals worked on the case and prepared for court. They would split up various tasks such that two people might be working on different areas of the same problem.

¶ 18    In other instances, Maria contends that various tasks took too much time, resulting in excessive charges, but Maria provided no evidence to counter Steven's testimony about the reasonableness of his fees or the fees of his staff. Maria also notes that Peskind's records are not identical in form to the statements that are sent to clients. However, the trial court, having heard the testimony and reviewed the evidence, including the billing records, was in the best position to determine what, if any, weight should be given to that disparity, and to ultimately determine the reasonableness of the attorney fees. Indeed, the matter of fixing attorneys' fees is one of the few areas in which a trial court may rely on the pleadings, affidavits on file, and its own experience. *Welsh v. Welsh*, 38 Ill. App. 3d 35, 39 (1976).

¶ 19    Here, Maria has not shown that the court's decision in that regard was an abuse of discretion.

¶ 20                                III. CONCLUSION

¶ 21    The trial court did not abuse its discretion in awarding fees. Accordingly, the judgment of the circuit court of Kane County is affirmed.

¶ 22    Affirmed.