2022 IL App (1st) 200927-U

No. 1-20-0927

Order filed April 28, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| HELENE TONIQUE WILLIAMS, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Illinois Human |
| | ) | Rights Commission. |
| v. | ) | |
| | ) | |
| THE HUMAN RIGHTS COMMISSION, THE | ) | Charge No. 2019 CP 2497 |
| DEPARTMENT OF HUMAN RIGHTS, and SOUTH | ) | |
| SUBURBAN COLLEGE, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

JUSTICE LAMPKIN delivered the judgment of the court.
Justices Rochford and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: The decision of the Human Rights Commission sustaining the Department of Human Rights's dismissal of petitioner's charge of discrimination in public accommodation based on a lack of substantial evidence is affirmed.

¶ 2    Petitioner Helene Tonique Williams appeals *pro se* from a final decision of the Human Rights Commission (Commission) sustaining the Department of Human Rights's (Department)

dismissal of her charge of discrimination in public accommodation for lack of substantial evidence. For the reasons that follow, we affirm.[1]

¶ 3    In June or July 2019, petitioner filed a *pro se* charge of discrimination in public accommodation with the Department. In the charge, petitioner alleged that South Suburban College, a public community college located in South Holland, Illinois, discriminated against her on the basis of her race (black) and sex (female). She alleged that on June 24, 2019, South Suburban College did not allow her to graduate even though she had accumulated the 63 credit hours that were required to do so. Petitioner claimed that a counselor, Jazar Farrar, told her she needed to take another 11 credit hours to graduate, and that South Suburban College treated non-black and male individuals more favorably under similar circumstances.

¶ 4    The Department investigated the charge. An investigator reviewed numerous documents, interviewed petitioner, and interviewed Farrar, South Suburban College's Chair of Counseling. The Department issued an investigation report on March 6, 2020.

¶ 5    Petitioner told the investigator that on June 24, 2019, she called Farrar, who informed her she had 47 credit hours but needed 60 credit hours to receive an associate degree from South Suburban College. According to petitioner, she had college credit hours from Penn Foster College and Harold Washington College, but South Suburban College did not credit them to her. She stated that school athletes at South Suburban College "get Associate Degrees without going to class." Petitioner acknowledged that she never completed South Suburban College's graduation

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

application. The investigator requested names of comparatives, but petitioner did not name anyone who had received an associate degree having earned fewer than 60 credit hours.

¶ 6 Among the paperwork that the investigator reviewed was a document setting forth South Suburban College's policy of prohibiting discrimination on the basis of sex and race. A list of graduates and "program completers" in 2018-2019 reflected that of 569 people who were awarded degrees and certificates, 50% were black and 70% were women. A document containing "graduation information" indicated that students must apply for graduation and that the application form was available on South Suburban College's website. Academic evaluations dated July 24, 2019, indicated that petitioner had completed 47 credit hours, but needed a total of 60 credit hours for an associate degree in general studies or 62 credit hours for an associate degree in political science.

¶ 7 Farrar told the investigator that in order for a student to graduate, he or she must submit a graduation application. After an application is submitted, an audit is conducted to verify that the applicant is a candidate. According to Farrar, petitioner did not submit an application.

¶ 8 Farrar explained that petitioner needed a minimum of 60 credit hours to obtain an associate degree in general studies, or 62 credit hours for a degree in political science. Petitioner did not complete math or life science, and was missing fine arts and eight general electives. Moreover, English 102 did not count toward petitioner's total because her grade in that course was a D, and Math 95 and 97 did not count because they were not "at the college level." Petitioner needed to take Math 115. Farrar, who had been employed at South Suburban College for 20 years, was unaware of anyone with fewer than 60 credit hours ever having received an associate degree from the school.

¶ 9    Farrar's notes from the June 24, 2019, phone conversation with petitioner indicated that petitioner called to inquire if one could earn a degree with 51 credit hours. Farrar ran a query and discovered petitioner had insufficient credits for a degree and had not attended the school since 2017. Farrar asked petitioner what she had read in the student handbook and asked her to meet with a counselor. Then the call ended.

¶ 10    The investigator recommended a finding of lack of substantial evidence of discrimination in public accommodation based on race or sex. On March 11, 2020, the Department dismissed petitioner's charge for lack of substantial evidence.

¶ 11    Petitioner filed a *pro se* request for review on March 20, 2020, asserting that she had not been allowed to add exhibits to her complaint. Specifically, she stated, "I already transferred my studies to the University of Illinois at Chicago and was placed on hold for scholarship / enrollment, and without this being considered there wasn't a real or fair investigation." In support of the request for review, petitioner attached her high school diploma and transcript, South Suburban College transcript, security guard and concealed carry credentials, and copies of various forms of personal identification.

¶ 12    Petitioner also attached a six-page, hand-written document titled, "Motion to add amended response to respondent! Motion to connect respondent South Suburban College to review case / exhibits." In the motion, petitioner sought to "connect" to the instant charge several other charges she had previously filed against other entities, including the University of Illinois at Chicago (UIC). Among other things, petitioner alleged that South Suburban College and UIC had "a private cult who's running a pyramid scheme that uses students for contraband, holds them hostage, and maybe even worse, kidnaps them in order to prevent them from civil service / Board of Trustees

jobs, deny them a right to attend [UIC], and getting your degree." Petitioner claimed that an employee at UIC adopted her at age 30, "put a life insurance policy" on her, and was involved in falsely "put[ting] a felony charge on [her] background."

¶ 13    The Department filed a response to the request for review, recommending that the Commission sustain the dismissal.

¶ 14    On July 30, 2020, the Commission issued a final order sustaining the dismissal of petitioner's charge for lack of substantial evidence. The Commission explained that petitioner failed to establish a *prima facie* case of discrimination concerning a public accommodation because it was uncontested that she had earned only 47 credit hours and there was no evidence that South Suburban College had allowed a student outside petitioner's protected classes with fewer than the required number of credit hours to graduate. Moreover, the Commission reasoned that even if petitioner had succeeded in establishing a *prima facie* case of public accommodation, South Suburban College had articulated a legitimate, nondiscriminatory reason for its action, *i.e.*, petitioner had completed only 47 of the minimum 60 credit hours required to graduate. Petitioner had failed to prove that reason was pretextual.

¶ 15    Petitioner filed a timely petition for direct review in this court on August 21, 2020. See 775 ILCS 5/8-111(B)(1) (West 2020) ("Any complainant or respondent may apply for and obtain judicial review of a final order of the Commission *** by filing a petition for review in the Appellate Court within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision.").

¶ 16    In her *pro se* brief, petitioner asserts that she would "like to express as well as prove facts as to why [she] should be granted this opportunity" to have the Commission's order reversed.

Petitioner claims she earned 24 credits at Westwood College in 2012-2013, but that the college was closed down due to a class-action lawsuit alleging "fraud dealing with non transferable credits within their programs." "Due to this hardship," a member of Congress invited her to attend classes at South Suburban College. Petitioner alleges that she earned 51 credits at South Suburban College between 2014 and 2017. In addition, she claims she earned 3 transferrable credits through Penn Foster High School, 6 credits at Harold Washington College, and 36 credits "directly from the state of Illinois" because she "became a civil service member of chapter 225 Illinois Compound status, and the Illinois State Police Concealed Carry / Law." Petitioner argues that she earned a total of 120 credit hours, which "not only qualifies [her] for an associated degree, but also a bachelor's degree."

¶ 17    As an initial matter, we note that petitioner's brief fails to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the content of appellate briefs. For example, her brief contains no "Points and Authorities" statement, outlining the points argued and authorities citied in the Argument (see Rule 341(h)(1)), no statement of the issue or issues presented for review (see Rule 341(h)(3)), no statement of jurisdiction (see Rule 341(h)(4)), and no argument supported by citations to the record or to legal authority (see Rule 341(h)(7)).

¶ 18    As a reviewing court, we are entitled to have the issues clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). Failure to cite relevant authority violates Rule 341 and can cause a party to forfeit consideration of an issue. *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23. Moreover, when an

appellant fails to comply with Rule 341, this court may strike the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. An appellant's *pro se* status does not relieve her of the obligation to comply with Rule 341. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 19    Petitioner's brief consists of two paragraphs reciting where and when she earned various credit hours, a short bullet-point list of related "facts," and a concluding sentence. It does not include any citations to authority or to the record. Her brief does not contain numerous elements required by Rule 341, does not present an organized and cohesive argument, and does not even mention discrimination based on race or sex. In these circumstances, we would be justified in striking petitioner's brief and dismissing the appeal. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 77.

¶ 20    However, while the insufficiency of petitioner's brief hinders our review, meaningful review is not completely precluded, as, for the most part, the merits of the case can be ascertained from the record on appeal. This court may entertain the appeal of a party who files an insufficient brief "so long as we understand the issue [the party] intends to raise and especially where the court has the benefit of a cogent brief of the other party." *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). Here, the State respondents have filed a cogent brief, and it is clear that petitioner is challenging the dismissal of her charge of discrimination. Accordingly, we choose to reach the merits of petitioner's appeal.

¶ 21    The Illinois Human Rights Act (Act) provides that it is the public policy of Illinois to secure individuals from discrimination in the availability of public accommodations. 775 ILCS 5/1-102(A) (West 2018). The Act provides that it is a civil rights violation for any person, on the basis of unlawful discrimination, to "[d]eny or refuse to another the full and equal enjoyment of

the facilities, goods, and services of any public place of accommodation." *Id.* § 5-102(A). Relevant here, places of public accommodation include non-sectarian undergraduate schools. *Id.* § 5-101(A)(11). At the time petitioner filed her charge, the Act defined unlawful discrimination as including discrimination against a person because of his or her race or sex. Pub. Act 100-714 (eff. Jan. 1, 2019) (amending 775 ILCS 5/1-103(Q)).

¶ 22    Under the Act, upon the filing of a discrimination charge, the Department must conduct a full investigation of the allegations and prepare a written report. 775 ILCS 5/7A-102(C)(1), (D)(1) (West 2018). The Department must then review the report to determine whether there is "substantial evidence" that the alleged discrimination has occurred. *Id.* § 7A-102(D)(2). Substantial evidence, as defined by the Act, is "evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance." *Id.*

¶ 23    If the Department determines that there is no substantial evidence to support the allegation, the charge is dismissed. *Id.* § 7A-102(D)(3). The petitioner may seek review by the Commission of the dismissal. *Id.* If the Commission sustains the dismissal, the petitioner may seek review in the appellate court. *Id.* § 8-111(B)(1).

¶ 24    We review the decision of the Commission, not the Department. *Alcequeire v. Human Rights Comm'n*, 292 Ill. App. 3d 515, 519 (1997). The Commission's findings of fact are entitled to deference and "shall be sustained unless the court determines that such findings are contrary to the manifest weight of the evidence." 775 ILCS 5/8-111(B)(2) (West 2018). However, the Commission's ultimate decision to sustain the dismissal of a charge will be reversed only if the decision was arbitrary and capricious or an abuse of discretion. *Stone v. Department of Human*

*Rights*, 299 Ill. App. 3d 306, 314 (1998). A decision is arbitrary and capricious if it contravenes legislative intent, fails to consider a critical aspect of the matter, or offers an explanation so implausible that it cannot be considered as a result of the exercise of the agency's expertise. *Young v. Illinois Human Rights Comm'n*, 2012 IL App (1st) 112204, ¶ 33. An abuse of discretion will be found where no reasonable person could agree with the Commission's decision. *Id.* Under this standard, we may not reweigh the evidence or substitute our judgment for that of the Commission. *Id.*

¶ 25    The Illinois supreme court has adopted a three-part test, which was articulated by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), for evaluating charges of discriminatory practices brought under the Act. *Owens v. Department of Human Rights*, 403 Ill. App. 3d 899, 918 (2010); *Zaderaka v. Illinois Human Rights Comm'n*, 131 Ill. 2d 172, 178-79 (1989) (stating that claims under the Act are to be evaluated in accordance with federal decisions interpreting federal anti-discrimination laws). Under this three-prong test, a petitioner who alleges a violation of the Act has the initial burden of proving a *prima facie* case of unlawful discrimination by a preponderance of the evidence. *Owens*, 403 Ill. App. 3d at 918-19. If the petitioner succeeds in establishing a *prima facie* case, the respondent must articulate, not prove, a legitimate, nondiscriminatory reason for its actions in order to rebut the presumption. *Id.* at 919. Then, if the respondent articulates such a reason, the burden shifts back to the petitioner to prove by a preponderance of the evidence that the respondent's reason was untrue and a pretext for discrimination. *Id.*

¶ 26    The ultimate burden of persuasion remains on the petitioner throughout the proceedings. *Id.* A petitioner's failure to present substantial evidence of a *prima facie* discrimination claim or

to disprove a respondent's articulated reason for its actions warrants dismissal of the charge. *Owens v. Department of Human Rights*, 356 Ill. App. 3d 46, 52 (2005).

¶ 27   To establish a *prima facie* case of discrimination in public accommodation, a petitioner must demonstrate that he or she: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons outside the protected class. See *Jackson v. Walgreens Co.*, 2021 IL App (1st) 201261-U, ¶ 28 (citing *McCoy v. Homestead Studio Suites Hotels*, 390 F. Supp. 2d 577, 583-85 (S.D. Tex. 2005)); see also Ill. S. Ct. R. 23(e)(1) (eff. Jan. 1, 2021) (nonprecedential Appellate Court orders entered on or after January 1, 2021, may be cited for persuasive purposes). After reviewing the record, we conclude that petitioner failed to establish the second, third, and fourth factors of a *prima facie* case of discrimination.

¶ 28   Regarding the second factor, it is undisputed that in order to graduate with an associate degree, students at South Suburban College were required to earn a minimum of 60 credits and submit a graduation application. However, the record shows that petitioner had earned only 47 credits and did not submit an application to graduate. As such, she was not qualified to do so. Where petitioner did not complete the requirements to graduate, we cannot say that she made an attempt to exercise the right to full benefits and enjoyment of South Suburban College.

¶ 29   By failing to demonstrate the second factor, petitioner has, in turn, failed to establish the third. Because petitioner did not attempt to exercise the right to full benefits and enjoyment of South Suburban College, we cannot say that South Suburban College denied her those benefits and enjoyment.

¶ 30    As to the fourth factor, there is nothing in the record showing that petitioner was treated less favorably than similarly situated persons who were not black or female. South Suburban College provided documentation showing that in the relevant academic year, 50% of its graduates were black and 70% were female. There was no evidence presented showing that South Suburban College allowed anyone, no matter their race or sex, to graduate with fewer than 60 credits. Petitioner told the Department investigator that school athletes at South Suburban College "get Associate Degrees without going to class," but when the investigator requested names of comparatives, petitioner was unable to identify anyone who had received an associate degree having earned fewer than 60 credit hours. "A petitioner's discrimination charge consisting of mere speculation and conjecture does not constitute substantial evidence." *Folbert v. Department of Human Rights*, 303 Ill. App. 3d 13, 25 (1999).

¶ 31    Petitioner failed to establish the second, third, and fourth factors of a *prima facie* case of discrimination. In light of petitioner's failure to present substantial evidence of a *prima facie* discrimination claim, the Department's dismissal was justified. *Owens*, 356 Ill. App. 3d at 52. In turn, the Commission's decision to sustain the dismissal of petitioner's charge of discrimination did not contravene legislative intent, fail to consider a critical aspect of the matter, or offer an explanation so implausible that it could not be considered as a result of the exercise of the agency's expertise. See *Young*, 2012 IL App (1st) 112204, ¶ 33. Accordingly, we cannot say that no reasonable person could agree with the Commission's decision. See *Stone*, 299 Ill. App. 3d at 314. As such, the decision was not arbitrary and capricious or an abuse of discretion. *Id.* Petitioner's challenge to the Commission's decision fails.

¶ 32    For the reasons explained above, we affirm the decision of the Commission.

¶ 33    Affirmed.