# Illinois Official Reports

## Appellate Court

---

***Country Preferred Insurance Co. v. Groen***, 2017 IL App (4th) 160028

---

| | |
|---|---|
| Appellate Court Caption | COUNTRY PREFERRED INSURANCE COMPANY, Plaintiff-Appellee, v. LORI GROEN, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-16-0028 |
| Rule 23 order filed<br>Rule 23 order<br>withdrawn<br>Opinion filed | November 16, 2016<br><br>January 27, 2017<br>January 27, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 14-MR-580; the Hon. Chris Perrin, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Gregory P. Sgro (argued) and Benjamin M. Sgro, of Sgro, Hanrahan, Durr & Rabin, L.L.P., of Springfield, for appellant.<br><br>Keith G. Carlson (argued), of Carlson Law Offices, of Chicago, and Kurt M. Koepke, of Koepke & Hiltabrand, of Springfield, for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Turner and Justice Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1        Following an accident that occurred during the course of her employment, defendant, Lori Groen, received benefits under the Illinois Workers' Compensation Act (Act) (820 ILCS 305/1 to 30 (West 2010)) in excess of $400,000. In addition, she sought benefits from plaintiff, Country Preferred Insurance Company, under an uninsured motorist policy, which contained a provision entitling plaintiff to reduce the amount of its liability by any payments made or due under the Act (setoff provision). Ultimately, the trial court granted summary judgment in favor of plaintiff. Defendant appeals, arguing that the court erred in granting summary judgment because plaintiff is prohibited from reducing the amount of its available uninsured motorist coverage by the amount of medical expenses paid by her employer. Specifically, she argues (1) medical payments made pursuant to the Act are not "for" an insured and, therefore, are not subject to setoff under her uninsured motorist policy; (2) alternatively, the setoff provision is ambiguous as to whether medical payments made by an employer under the Act are subject to setoff and, therefore, should be construed in her favor; and (3) the setoff provision "is unenforceable because it violates the *** Act." We affirm.

¶ 2                                      I. BACKGROUND

¶ 3        On October 7, 2013, defendant was struck as a pedestrian by an uninsured motor vehicle and suffered injuries. At the time of the accident, defendant was working and was acting within the scope of her employment. As a result, defendant sought and received workers' compensation benefits under the Act. Specifically, she received temporary total disability benefits in the amount of $328.33 per week beginning on October 7, 2013, and up to at least July 28, 2014, the date defendant signed an affidavit in the within action. In addition, as of July 22, 2014, defendant's employer had paid $410,266.63 in medical bills pursuant to the Act.

¶ 4        In addition to receiving workers' compensation benefits, defendant sought benefits from plaintiff under an uninsured motorist policy with limits of $250,000 per person and $500,000 per occurrence.

¶ 5        In June 2014, plaintiff filed a complaint for declaratory judgment, seeking a declaration of the parties' rights and obligations under the uninsured motorist policy, which, in relevant part, provides as follows:

>        "Amounts payable for damages under *Uninsured-Underinsured Motorists, Coverage U*, will be reduced by the present value of all amounts paid or payable under any workers' compensation, disability benefits or any similar law." (Emphasis in original.)

Plaintiff asserted that defendant was not entitled to benefits under her uninsured motorist policy because she had already collected more than $250,000 in workers' compensation benefits.

¶ 6        In March 2015, plaintiff filed an amended motion for summary judgment, asserting defendant could not maintain an uninsured motorist claim, since she had already received workers' compensation benefits in excess of the uninsured motorist policy's limits. In August 2015, defendant filed a cross-motion for summary judgment, asserting that the setoff provision (1) violated the Act and was unenforceable and (2) excluded medical payments

made by her employer directly to her medical providers. Following a December 2015 hearing on the motions, the trial court granted plaintiff's amended motion for summary judgment and denied defendant's motion for summary judgment. In its written order, the court found the setoff provision was enforceable, unambiguous, and not against public policy.

¶ 7     This appeal followed.

¶ 8                                II. ANALYSIS

¶ 9     On appeal, defendant asserts the trial court erred in granting summary judgment in favor of plaintiff because plaintiff is prohibited from reducing its available uninsured motorist coverage by the amount of medical expenses paid by her employer pursuant to the Act. Specifically, defendant argues (1) medical payments made pursuant to the Act are not "for" an insured and, therefore, are not subject to setoff under her uninsured motorist policy; (2) alternatively, the setoff provision is ambiguous as to whether medical payments made by an employer under the Act are subject to setoff and, therefore, should be construed in her favor; and (3) the setoff provision "is unenforceable because it violates the *** Act."

¶ 10                          A. Defendant's Brief

¶ 11     Initially, we address plaintiff's contention that defendant's brief should be stricken for failure to comply with Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016). Plaintiff asserts that defendant's brief "is devoid of reliance on case law in support of her *** argument, other than citations mostly to basic propositions of law, and does not even address the several [s]upreme [c]ourt cases which have enforced the identical set-off finding it *** unambiguous, and not against public policy."

¶ 12     Rule 341(h)(7) requires an appellant's brief to contain an "argument" section, "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016). "A contention that is supported by some argument but no authority does not meet the requirements of Rule 341 and is considered forfeited." *Crull v. Sriratana*, 388 Ill. App. 3d 1036, 1045, 904 N.E.2d 1183, 1190-91 (2009). Further, "[c]itations to authority that set forth only general propositions of law and do not address the issues presented do not constitute relevant authority for purposes of Rule 341(h)(7)." *Robinson v. Point One Toyota, Evanston*, 2012 IL App (1st) 111889, ¶ 54, 984 N.E.2d 508. "The purpose of [supreme court] rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved." *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7, 969 N.E.2d 930. However, "[w]here violations of supreme court rules are not so flagrant as to hinder or preclude review, the striking of a brief in whole or in part may be unwarranted." *Merrifield v. Illinois State Police Merit Board*, 294 Ill. App. 3d 520, 527, 691 N.E.2d 191, 197 (1998). Instead, a reviewing court may choose to disregard portions of a brief that do not comply with the supreme court rules. *Id.*

¶ 13     Here, we agree that defendant's brief fails to comply with Rule 341(h) in some respects. Defendant fails to cite relevant authority supporting her specific assertions on appeal, and instead, her citations relate only to general propositions of law. However, we decline to strike her brief as this deficiency does not preclude our review.

¶ 14                              B. The Uninsured Motorist Policy

¶ 15        Turning to the merits of the case, we must determine whether the circuit court erred in granting summary judgment in favor of plaintiff when it found the setoff provision was enforceable, unambiguous, and not against public policy.

¶ 16                              1. *Standard and Scope of Review*

¶ 17        Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2014). The interpretation of an insurance policy and a determination of coverage are questions of law that are appropriate subjects for disposition through summary judgment. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 391, 620 N.E.2d 1073, 1077 (1993). "When reviewing a grant of summary judgment, this court must determine whether, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal any genuine issues of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." *Brugger v. Joseph Academy, Inc.*, 202 Ill. 2d 435, 446, 781 N.E.2d 269, 275 (2002). We review a trial court's entry of summary judgment *de novo*. *Illinois State Bar Ass'n Mutual Insurance Co. v. Law Office of Tuzzolino & Terpinas*, 2015 IL 117096, ¶ 14, 27 N.E.3d 67.

¶ 18                              2. *Medical Expenses Paid Pursuant to the Act*

¶ 19        Defendant first argues that medical payments made pursuant to the Act are not "for" an insured and, therefore, may not be subject to setoff under her uninsured motorist policy. In support of her contention, defendant cites only to the Act's fee schedule provisions, which provide, in relevant part, "[w]hen a patient notifies a provider that the treatment, procedure, or service being sought is for a work-related illness or injury and furnishes the provider the name and address of the responsible employer, the provider shall bill the employer directly." 820 ILCS 305/8.2(d) (West 2010). Additionally, subject to certain exceptions not relevant here, "a provider shall not hold an employee liable for costs related to a non-disputed procedure, treatment, or service rendered in connection with a compensable injury." 820 ILCS 305/8.2(e) (West 2010). According to defendant, because the above provisions obligate only an employer to pay for medical expenses incurred as a result of a work accident, the medical expenses paid by her employer in the underlying workers' compensation case were paid strictly for the employer's benefit, not hers, and thus, the expenses may not be setoff under her uninsured motorist policy. We disagree.

¶ 20        The primary purpose of the Act is to provide financial protection for injured workers by providing prompt and equitable compensation, including the payment of undisputed medical expenses, for employees who are injured while working, regardless of fault. *Cassens Transport Co. v. Illinois Industrial Comm'n*, 218 Ill. 2d 519, 524, 844 N.E.2d 414, 419 (2006); *In re Estate of Dierkes*, 191 Ill. 2d 326, 331, 730 N.E.2d 1101, 1104 (2000). In fact, section 8(a) of the Act explicitly states, "[i]f the employer does not dispute payment of first aid, medical, surgical, and hospital services, *the employer shall make such payment to the provider on behalf of the employee.*" (Emphasis added.) 820 ILCS 305/8(a) (West 2010). We conclude that medical payments made under the Act by an employer to a provider are a

benefit to the employee. Thus, we reject defendant's first contention.

¶ 21                       3. *Whether the Setoff Provision Is Ambiguous*

¶ 22    Defendant next asserts that, even if this court concludes payments for medical expenses made by an employer to a third-party medical provider are "for" the injured employee and are therefore subject to setoff, the specific setoff provision at issue here is ambiguous.

¶ 23    "In construing an insurance policy, we must ascertain and give effect to the intentions of the parties, as expressed in the policy language." *West America Insurance Co. v. Yorkville National Bank*, 238 Ill. 2d 177, 184, 939 N.E.2d 288, 293 (2010). "The rule that policy provisions limiting an insurer's liability will be construed liberally in favor of coverage only applies where the provision is ambiguous." *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 433, 930 N.E.2d 999, 1004 (2010). "A policy provision is not rendered ambiguous simply because the parties disagree as to its meaning." *Id.* "Rather, an ambiguity will be found where the language is susceptible to more than one reasonable interpretation." *Id.* "If the policy language is unambiguous, the policy will be applied as written, unless it contravenes public policy." *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17, 823 N.E.2d 561, 564 (2005).

¶ 24    As noted, the setoff provision here provides that amounts payable for damages under the uninsured policy "will be reduced by *** the present value of all amounts paid or payable under any workers' compensation, disability benefits or any similar law."

¶ 25    Defendant contends the above language is ambiguous and argues that if the drafters intended that payments for third-party medical expenses be deducted from the damages available under her uninsured motorist policy, they could have stated so in more specific terms. Defendant asserts, "[h]ad the [uninsured motorist policy] sought to include [third-party medical payments] in [its setoff provision] it could have done so with less ambiguous language similar to that used by the drafters in [*State Farm Mutual Automobile Insurance Co. v. Coe*, 367 Ill. App. 3d 604, 855 N.E.2d 173 (2006)]." The policy at issue in *Coe* provided that " '[a]ny amount paid or payable *to or for the insured* under any workers' compensation, disability benefits, or similar law shall reduce the amount payable under this coverage.' " (Emphasis added.) *Id.* at 605-06, 855 N.E.2d at 175. Defendant points out that in the subject policy, two policy provisions which follow the setoff provision include this same "to or for an insured" language, and she asserts this is evidence that the drafters of the subject policy deliberately omitted this language from the setoff provision, thus making it uncertain whether payments for medical expenses of the sort involved here are subject to setoff.

¶ 26    However, based on our reading of the setoff provision at issue here, we find it unambiguously provides that the amounts payable under the uninsured policy will be reduced by the amount of *all payments made or due under the Act*. Medical payments made by, or due from, an employer for injuries sustained by an employee in a work accident are clearly "amounts paid or payable" under the Act, regardless of whether the employer pays the medical provider directly or the employee. See 820 ILCS 305/8(a) (West 2010). The addition of the "to or on behalf of" language suggested by defendant does not alter the clear meaning or effect of the setoff provision. In either case, medical payments made by, or due from, defendant's employer would be subject to setoff because the payments would have been made or due under the Act. For the reasons stated, we find the setoff provision is

- 5 -

unambiguous.

¶ 27                                  4. *Whether the Setoff Provision Violates the Act*

¶ 28        Last, defendant argues the setoff provision "is unenforceable because it violates the ***
Act." In support, defendant cites a portion of section 5(b) of the Act for the proposition that
she is entitled to seek compensation from plaintiff under her uninsured motorist policy.
Specifically, defendant cites the portion of section 5(b) that provides as follows:

> "Where the injury or death for which compensation is payable under this Act was
> caused under circumstances creating a legal liability for damages on the part of some
> person other than his employer to pay damages, then legal proceedings may be taken
> against such other person to recover damages *notwithstanding* such employer's
> payment of or liability to pay compensation under this Act." (Emphasis added.) 820
> ILCS 305/5(b) (West 2010).

She then argues, if the setoff provision is valid, it renders the "notwithstanding" language in
the Act meaningless, "completely defeats the meaning and intent of the statute," and "allows
[plaintiff] to shield itself from the statutory obligation imposed by the *** Act."

¶ 29        Initially, we note that "[p]arties to a contract may agree to any terms they choose unless
their agreement is contrary to public policy." *Sulser v. Country Mutual Insurance Co.*, 147 Ill.
2d 548, 559, 591 N.E.2d 427, 431 (1992). Here, the uninsured motorist policy is a contract,
and the parties agreed to reduce the amount of damages available under the policy by the
amount of payments made or due under the Act. Further, we note that setoff provisions, like
the one at issue here, have consistently been recognized by the courts as enforceable
agreements that are not contrary to public policy because they merely place an employee in
the same position he would occupy had the tortfeasor been minimally insured. See *Ullman v.
Wolverine Insurance Co.*, 48 Ill. 2d 1, 4, 269 N.E.2d 295, 297 (1970); *Stryker v. State Farm
Mutual Insurance Co.*, 74 Ill. 2d 507, 386 N.E.2d 36 (1978); *Sulser*, 147 Ill. 2d at 559, 591
N.E.2d at 431.

¶ 30        Moreover, defendant ignores other language in section 5(b) of the Act that defeats her
contention. Notably, the very next sentence following the above quoted language in section
5(b) provides that an employee who recovers damages from some person other than the
employer must thereafter reimburse the employer for benefits he or she received under the
Act. See *id.* Thus, while the Act allows an employee to initiate legal proceedings against a
responsible third party notwithstanding the employer's liability under the Act, it also
explicitly requires that any amounts recovered in those proceedings—up to the amount of
benefits paid under the Act—be repaid to the employer.

¶ 31        In sum, the trial court committed no error in finding the setoff provision in the uninsured
motorist policy enforceable, unambiguous, and not against public policy. Thus, no genuine
issue of material fact exists with respect to defendant's claims against her uninsured motorist
coverage, and summary judgment was appropriately entered in plaintiff's favor.

¶ 32                                        III. CONCLUSION

¶ 33        For the reasons stated, we affirm the trial court's judgment.

¶ 34        Affirmed.