NOTICE
Decision filed 08/04/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 250017-U

NO. 5-25-0017

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE CITY OF MARION, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS A. BALL, Individually and as Trustee of the | ) | No. 19-CH-37 |
| Eleanor R. Ball Irrevocable Living Trust, U/A/D 5/10/01; | ) | |
| MIDCOUNTRY BANK; REGIONS BANK; | ) | |
| UNKNOWN OWNERS and NON-RECORD | ) | |
| CLAIMANTS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Dennis A. Ball, Defendant-Appellant; MidCountry | ) | Jeffrey A. Goffinet, |
| Bank, Defendant-Appellee). | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The court did not abuse its discretion in granting the plaintiff's motion for voluntary dismissal where there were no pending motions that could have been dispositive of the case. The court did not abuse its discretion in denying the defendant's motion to change venue without holding a hearing on that motion where the motion did not allege facts establishing that the defendant could not get a fair trial in Williamson County due to prejudice against him by the population of that county.

¶ 2    The plaintiff, the City of Marion (City), brought this action to foreclose on two municipal liens on a piece of property owned by the Eleanor R. Ball Irrevocable Living Trust (Trust). Dennis A. Ball, one of the defendants in this case, is the son of Eleanor R. Ball (Eleanor) and the trustee

1

of the Trust. He filed a *pro se* motion requesting both the "recusal" of the trial judge assigned to hear the case and a transfer of venue to another county. The matter was assigned to a different judge, who determined that there was no basis to substitute the judge for cause. The City then filed a motion for voluntary dismissal, which the court granted. Ball appeals *pro se*, arguing that the court abused its discretion in granting the City's motion to dismiss without first holding a hearing on his request for a change in venue. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      This is the third case filed in Williamson County involving the same parties. In 2016, the City filed a complaint seeking demolition of a piece of property in Marion owned by the Trust in case No. 2016-MR-200. The trial court entered a demolition order in that case in February 2018. Ball filed case No. 2018-CH-63 against the City and MidCountry Bank (MidCountry), asserting claims he labeled "quiet clouded title" and "scandal of title." His claims against MidCountry stemmed from a 2004 judgment lien placed on the property. The trial court dismissed Ball's complaint on the grounds that Ball was attempting to represent the Trust even though he was not a licensed attorney.

¶ 5      In July 2018, Ball filed an appeal in 2018-CH-63. The same month, the City completed the demolition previously ordered in 2016-MR-200. Ball contends that the City demolished the property in violation of two court orders staying the demolition. Our review of the pertinent court files, however, indicates that although the trial court stayed the court proceedings in 2018-CH-63 while the appeal in that case was pending, neither this court nor the trial court entered an order staying enforcement of the demolition judgment in 2016-MR-200. See *Asher Farm Ltd. Partnership v. Wolsfeld*, 2022 IL App (2d) 220072, ¶ 31 (noting that an appellate court may take judicial notice of the dockets of other courts).

¶ 6    The City incurred costs of $4,300 in demolishing the property and recorded a demolition lien on the property for that amount in August 2018. The City subsequently incurred costs of $470 for having the property mowed. It recorded a municipal lien for that amount in December 2018.

¶ 7    In March 2019, the City filed the instant action to foreclose on both liens. The City named as defendants Ball, MidCountry, and Regions Bank, along with unknown owners and non-record claimants. The verified complaint alleged that MidCountry's predecessor in interest had recorded a judgment lien against the property and that Regions Bank's predecessor had recorded a mortgage lien. The complaint asserted that the City's liens took precedence over the banks' liens. Regions Bank was served with process but did not enter an appearance and is not a party to this appeal.

¶ 8    On May 20, 2019, Ball filed a *pro se* notice of appearance with the subtitle "Motion to Dismiss City of Marion, Illinois Liens; Claims of Quiet Title & Scandal of Title on Trust Property Against Mid-Country Bank; City of Marion, Illinois." He alleged that several claims remained unresolved arising from prior bankruptcy proceedings in Arizona and judgment liens placed on the property related to loans issued while Eleanor was an Illinois resident.[1] Ball asked the court to consider counterclaims and defenses to the demolition order entered in 2016-MR-200. Attached to the notice was a document labeled "Notice of Claim: $1,000,000.00/Notice of *Lis Pendens*," which was recorded in Williamson County in July 2018.

¶ 9    On June 6, 2019, the City filed a motion to strike Ball's motion to dismiss, arguing that it failed to (1) identify the applicable section of the Code of Civil Procedure, (2) assert a sufficient

---

[1]MidCountry's predecessor in interest sued Eleanor after she defaulted on a loan. In 2004, an Illinois court entered judgment against Eleanor in favor of the bank, which recorded a judgment lien against the property. Eleanor was a resident of Arizona at this time. Although various pleadings refer to bankruptcy proceedings in Arizona, the record does not reveal the outcome of those proceedings or their relevance to the litigation at issue in this case.

basis for dismissal of the City's complaint, or (3) request appropriate relief. On July 21, 2020, the court granted the City's motion to strike and denied Ball's motion to dismiss.

¶ 10    On December 7, 2020, Ball filed a pleading entitled "Counter Claims/Jury Trials." In it, he asserted that the City's complaint was "defective because it [was] incomplete." He alleged that he was a beneficiary of the Trust and had been appointed as the trustee "for an incapacitated vulnerable adult."[2] Ball argued that he was therefore able to bring claims against MidCountry on behalf of Eleanor for injuries, pain and suffering, and medical bills. The pleading included what appear to be third-party claims against MidCountry for "Quiet-Clouded Title" and "Scandal of Title." Ball alleged that MidCountry placed a judgment lien on property belonging to the trust in 2004 and asserted that "[t]his violation creates a Cloud on the title." The pleading also included a section titled "Claims Against City of Marion, IL." Ball alleged that the City demolished the property in violation of two court orders staying the demolition. He stated that he was seeking $1 million in damages as a result.

¶ 11    On December 16, 2020, the City filed a motion to strike or dismiss Ball's December 7, 2020, pleading. The City argued that (1) Ball's allegations concerning the stay of the demolition order were contradicted by court records; (2) because Ball was not a licensed attorney, he was not authorized to represent Eleanor in court; and (3) the pleading failed to clearly identify any legally cognizable causes of action, cited a nonexistent statute, and relied on conclusory allegations. On December 28, 2020, MidCountry filed its own motion to strike and dismiss Ball's pleadings,

[2]Eleanor established the Trust in 2001 while a resident of Arizona. She named herself as the trustee, and she named Ball as one of two successor trustees. Eleanor transferred the property at issue in this appeal into the trust along with other Illinois real estate she owned. An Arizona probate court found Eleanor to be incompetent in October 2004. Initially, Morgan Stanley Dean Witter succeeded Eleanor as trustee; however, Ball eventually became the trustee. It is unclear whether Ball's allegation that he became the trustee for an incapacitated vulnerable adult refers to his position as successor trustee or constitutes an allegation that he was appointed as Eleanor's guardian. In any case, Eleanor died in April 2006.

raising the same arguments. In a January 8, 2021, docket entry, the court granted these motions and dismissed the pleading pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)).

¶ 12    On January 29, 2021, Ball filed a pleading styled as a "Motion for a New Trial." In an introductory paragraph, he purported to declare the trial court's January 8, 2021, order void. In addition, he asserted that the City's complaint and the court's order in 2016-MR-200 were both "defective" because they were "incomplete." Ball claimed that issues remained unresolved and urged the court to address them.

¶ 13    On May 19, 2021, Ball filed a motion for mediation. Both of his pending motions were set for hearings; however, Ball requested three continuances due to medical issues, which the court granted.[3] In a September 13, 2021, docket entry, the court stated that it would render its decision on the pending motions without oral argument.

¶ 14    On September 20, 2021, Ball filed a petition for a change of venue. He alleged that prior to being elected to the bench, Judge Stephen Green, then the Presiding Judge of the Williamson County Court, had represented the City in 2016-MR-200. Ball alleged that Judge Green was therefore "considered a central witness in this case." He argued that he was entitled to have the case transferred to Jackson County because "a conflict exists in the Court and the parties" due to Judge Green's role as counsel in the prior litigation. In its response to Ball's petition for a change of venue, the City argued that Ball's accusations did not make the required showing of an inability to get a fair trial in Williamson County due to prejudice against him by the inhabitants of the county. See 735 ILCS 5/2-1001.5(a) (West 2020).

---

[3]We note that Ball styled each request as a "Notice of Medical Leave."

¶ 15    In an October 25, 2021, docket entry, the trial court denied all three of Ball's pending motions. Ball filed both an interlocutory appeal to this court and a petition seeking to remove the case to federal court. The District Court for the Southern District of Illinois denied Ball's removal petition in December 2021, finding it to be frivolous. This court ultimately dismissed Ball's appeal for lack of jurisdiction in July 2024.

¶ 16    In February 2023, while this matter was pending on appeal, the case was reassigned from Judge Sanders to Judge Gill, who promptly recused herself. The case was then assigned to Judge Goffinet.

¶ 17    On March 6, 2023, Ball filed the motion at issue in this appeal, which he styled as a "Motion to Recuse/Change of Venue." He acknowledged that jurisdiction over this case was "outside" the trial court while the matter was pending on appeal. He asserted, however, that "a change of venue is necessary to Jackson County Judicial Circuit by appointment." He alleged that Judge Green had "a huge ethics conflict," and that Judge Green assigned the case to Judge Goffinet. Ball asserted that Judge Goffinet "too is a conflict; requires his recusal."

¶ 18    On July 30, 2024, this court entered a summary order dismissing Ball's appeal for lack of jurisdiction. *City of Marion v. Ball*, No. 5-21-0343 (2024) (unpublished summary order under Illinois Supreme Court Rule 23(c)). The following day, Judge Goffinet noted in a docket entry that "Ball's 3/6/23 motion (which the court treats as a motion to remove judge for cause) [was] pending." Judge Goffinet stated that he had never represented any of the parties involved in this case, but he referred the matter to Chief Judge Thurston to appoint another judge to hear Ball's motion.

¶ 19    The motion was assigned to Judge Mitchell, who held a hearing on December 2, 2024. Ball was sworn in as a witness and testified as follows: "I filed a motion to recuse any judge from that

6

point because I believe the court has been tainted by Steve Green, who was elected the judge after he demolished a property that had two stays on it." Ball further testified that Judge Green failed to recuse himself in an unrelated case even though he was asked to do so. Ball opined that "any judge in the matter will be tainted because of Judge Green" and that "any judge, including Judge Goffinet, should be disqualified."

¶ 20 The court asked Ball, "How do you believe that Judge Green has tainted Judge Goffinet?" Ball replied, "I mean, everybody there in the court must talk to each other." He noted that ethics rules require judges to avoid even the appearance of impropriety. The court gave Ball an opportunity to clarify his position, stating, "What I'm hearing mostly, Mr. Ball, is that you really want to argue your change of venue. I haven't heard anything specific about Judge Goffinet other than he's a judge in the same county as Judge Green, but I want to make sure I understand your argument." Ball indicated that this was correct. Judge Mitchell explained that the only issue before him was whether Judge Goffinet should be removed for cause. He further explained that the judge assigned to hear the case would decide any motion to change venue.

¶ 21 The City argued that Ball presented no facts demonstrating that Judge Goffinet had any possible interest or conflict in the case. MidCountry's attorney noted that he would put forth the same arguments. In rebuttal, Ball alleged that while acting as the City's attorney, Green violated a court order staying the demolition of the Trust's property. He argued that the rules of ethics supported his request. Judge Mitchell reminded Ball that the only issue before him was whether Judge Goffinet could hear the case. He explained, "Judge Green is not on the case and will never be on the case. He has a clear conflict." The court took the matter under advisement.

¶ 22 On December 13, 2024, Judge Mitchell issued a detailed written order. He first noted that the applicable statute required a petition for substitution of judge for cause to be verified by

7

affidavit and to set forth the specific cause. See 735 ILCS 5/2-1001(a)(3)(ii) (West 2020). He found that Ball failed to satisfy these requirements because he did not set forth any specific facts demonstrating bias on the part of Judge Goffinet, failed to attach an affidavit, and did not even include a prayer for relief expressly requesting a substitution of judge.

¶ 23 Judge Mitchell went on to explain that the substitution of a judge for cause is not the same thing as recusal or disqualification. After noting that there is no procedural mechanism for a litigant to recuse a judge, he nevertheless addressed Ball's arguments in support of his belief that Judge Goffinet was required to recuse himself. Judge Mitchell explained that a judge should disqualify or recuse himself from a case if he served as an attorney in the matter or represented any of the parties within the past seven years. See Ill. Code Jud. Conduct (2023), Canon 2, R. 2.11(A)(5)(a), (b) (eff. May 17, 2023). He emphasized, however, that there is no basis to presume that Judge Green discussed the case with other Williamson County judges. Judge Mitchell denied Ball's motion and returned the matter to Judge Goffinet.

¶ 24 On December 16, the City filed a motion to voluntarily dismiss its petition without prejudice. See 735 ILCS 5/2-1009 (West 2020). The City alleged that the property had been sold due to delinquent taxes, and the tax deed issued extinguished all liens on the property, including the two liens at issue in this case. The court granted the City's motion on December 20, 2024. This timely *pro se* appeal followed.

¶ 25                                    II. ANALYSIS

¶ 26 Before addressing the merits of this appeal, we note that Ball's appellate brief falls short of what Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires. That rule requires an appellant's brief to set forth the reasons for the appellant's arguments along with citations to appropriate supporting authority. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Many of Ball's

8

arguments are conclusory, and although he does include citations to authority in support of his arguments, he does not explain how the rules he cites support his claims. Citations that state general propositions of law without addressing how they relate to the issues raised do not satisfy the requirements of Rule 341(h)(7). *Country Preferred Insurance Co. v. Groen*, 2017 IL App (4th) 160028, ¶ 12. Failure to satisfy these requirements results in forfeiture of an appellant's claims on appeal. *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23. Nevertheless, forfeiture is a limitation on the parties, not on this court. *Id.* Ball appears to have made an effort to comply with the rules governing appeals, and the shortcomings in his brief do not preclude our review of his claims. We therefore choose to address his claims.

¶ 27    Ball first argues that the court erred in failing to hold a hearing on his request for a change in venue. We note that the focus of his argument appears to be the dismissal of the case without a ruling on the request for a change of venue included in his March 2023 pleading titled "Motion to Recuse/Change of Venue" rather than the court's earlier denial of his September 2021 pleading titled "Change of Venue/Jackson County" without holding a hearing. In the interest of clarity, however, we will address the propriety of both rulings.

¶ 28    A change of venue is appropriate if a trial court "determines that any party may not receive a fair trial in the court in which the action is pending because the inhabitants of the county are prejudiced against the party, or his or her attorney, or the adverse party has an undue influence over the minds of the inhabitants." 735 ILCS 5/2-1001.5(a) (West 2020). A request for a change of venue must set forth facts demonstrating the requisite prejudice or undue influence. *Id.* § 2-1001.5(b). Ball's September 2021 request for a change in venue alleged only that Judge Green had a conflict of interest because he previously represented the City; he did not allege any facts to establish prejudice against him by the inhabitants of Williamson County or undue influence over

9

those residents by any of the other parties. We thus conclude that the court correctly denied Ball's September 2021 request for a change of venue.

¶ 29    We now turn our attention to Ball's arguments concerning the court's decision to grant the City's motion for voluntary dismissal without first holding a hearing on his March 2023 request for a change in venue. His argument has two components. First, Ball contends that Judge Goffinet violated Judge Mitchell's order by not holding a hearing on Ball's request for a change in venue. Second, he contends that the court erred in dismissing the case while his motion was pending. We reject both claims.

¶ 30    Ball's argument that Judge Goffinet violated Judge Mitchell's order appears to be based on a misunderstanding of statements Judge Mitchell made during the hearing. According to Ball, Judge Mitchell found "that a conflict of interest exists in the trial court because of the presence of elected Judge Stephen R. Green." Ball asserts that Judge Mitchell's order "was specific to return the case back to the court for further proceedings including hearings on a Change of Venue." As we discussed earlier, Judge Mitchell correctly observed during the hearing that Judge Green had a conflict of interest due to his prior representation of the City. See Ill. Code Jud. Conduct (2023), Canon 2, R. 2.11(A)(5)(a), (b) (eff. May 17, 2023). He emphasized, however, that Judge Green was not involved in this case. In addition, when Ball argued that the case should be transferred out of Williamson County, Judge Mitchell explained that the sole purpose of the hearing was to determine whether to remove Judge Goffinet from the case for cause and that the trial judge assigned to hear the case would be responsible for ruling on any request for a change in venue. The written order did not direct Judge Goffinet to hold hearings or rule on Ball's request for a change in venue. We therefore reject Ball's claim that Judge Goffinet violated Judge Mitchell's order.

10

¶ 31    Ball next contends that Judge Goffinet erred by dismissing the case pursuant to the City's motion while his request for a change in venue remained pending. We disagree.

¶ 32    A plaintiff may voluntarily dismiss his or her action at any time before trial upon notice to all parties that have entered appearances. 735 ILCS 5/2-1009(a) (West 2024). Trial courts have the discretion to rule on any motion filed before a plaintiff's motion for voluntary dismissal if a favorable ruling on that motion "could result in a final disposition of the cause." *Id.* § 2-1009(b); *Gibellina v. Handley*, 127 Ill. 2d 122, 137-38 (1989). If the pending motion lacks merit, the court must grant the plaintiff's motion for voluntary dismissal. *Gibellina*, 127 Ill. 2d at 138. Whether to consider a previously filed potentially dispositive motion before ruling on a voluntary dismissal motion is a matter within the discretion of the trial court. *Mizell v. Passo*, 147 Ill. 2d 420, 425 (1992). We will not reverse the court's decision absent an abuse of this discretion. *Id.*

¶ 33    Here, the request for a change of venue contained in Ball's March 2023 "Motion to Recuse/Change of Venue" lacks merit because it suffers from the same infirmities as his September 2021 motion to change venue. The motion contains no factual allegations establishing prejudice against Ball among the inhabitants of Williamson County, and it contains no allegations of undue influence over the residents of that county by any adverse party. See 735 ILCS 5/2-1001.5(a) (West 2022). Where a pending motion lacks merit, the court must grant a voluntary dismissal motion. *Gibellina*, 127 Ill. 2d at 138. Moreover, even if Ball's motion had merit, a favorable ruling would not have been dispositive. Transferring the matter to a different county would not have resolved the City's claims. As such, we find no abuse of discretion.

¶ 34    Finally, Ball argues that the City and its current attorney committed malpractice by filing a motion for voluntary dismissal "knowing a *Lis Pendes* [*sic*] was operative in the case and the sale of the property was a violation of the statue [*sic*] of a 'live case'." Ball does not identify a

11

court ruling in this argument, nor does he clearly assert a legal basis for his claim. To the extent he is attempting to argue that the court should not have dismissed the City's case against him because he filed counterclaims, we are not persuaded. When a plaintiff dismisses a cause voluntarily, the dismissal does not affect any pending counterclaims. 735 ILCS 5/2-1009(d) (West 2024). Here, however, there were no pending counterclaims when the City filed its motion to dismiss. Although Ball attempted to assert counterclaims, the court dismissed those claims for failure to state a claim. For these reasons, we find no error or abuse of discretion in the court's decision.

¶ 35                                   III. CONCLUSION

¶ 36    For the foregoing reasons, we affirm the order of the circuit court granting the City's motion for voluntary dismissal.

¶ 37    Affirmed.